FILED
DEC 28 2006
U.S. COURT OF FEDERAL CLAIMS

# IN THE FEDERAL COURT OF CLAIMS

Harvest Institute Freedman Federation
623 Florida Avenue, N.W.
Washington, D.C. 20001

and

William Warrior
228 Linda Vista
Del Rio, TX 78840
In his personal capacity and as a representative of the class of lineal descendants of enrolled Indian Country citizens entitled to land and related benefits under treaties abolishing slavery in Indian Country, hereinafter referred to as "Black Indians"

and

Black Indians United Legal Defense and Educational Fund
2023 E. Randolph Avenue
Enid, OK 73701

Plaintiffs,

vs.

Dirk Kempthorne
Secretary of the Interior
1849 C Street, N.W.
Washington, D.C. 20240

and

Assistant Secretary of the Interior for Indian Affairs
1849 C Street, N.W.
Washington, D.C. 20204

Defendants.

Case No. 06-907 L

Judge ____________

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF OR IN THE ALTERNATIVE INJUNCTIVE RELIEF AND A WRIT OF MANDAMUS**

## INTRODUCTION

This action is brought under the provisions of Title 28 United States Code Sections, 1491 and 1505, to compel the United States as trustee to perform duties owed to plaintiffs in their capacity as beneficiaries of certain Indian treaties and express agreements between the United States and various Indian tribes, described in greater detail below, and 28 U.S.C. §1507. Plaintiff, Harvest Institute Freedman Federation Institute (hereinafter the "Institute"), is an organization formed to pursue legal redress and to vindicate the civil and property rights of the descendants of former slaves of both African and Indian ancestry, held in bondage by Indian tribes located within the United States prior to 1866 commonly referred to as Freedman (hereinafter referred to as "Black Indians"). Plaintiff William Warrior is a descendant of such Black Indians and a representative of the entire class of such persons, a class too numerous to list individually as plaintiffs in this action. Specifically, Plaintiff Warrior is a lineal descendant of Chief John Horse's Band of Ethnic Seminole Nation Citizens. Plaintiff Black Indian United Legal Defense and Education Fund (hereinafter the "Fund") is an organization formed to provide structural educational and policy guidance to the descendants of Black Indians concerning their status in relation to Native Americans, the States and the United States. Plaintiffs have suffered an injury that is concrete and particular, actual, directly traceable to the actions of defendants or their predecessors and capable of redress here by a favorable decision.

Defendant Kempthorne is the Secretary of the United States Department of the Interior, the federal agency with jurisdiction over the Bureau of Indian Affairs (BIA). BIA has responsibility for the administration and management of all land held in trust by

the United States for American Indians, Indian tribes at Alaskan Nations. The position of Assistant Secretary of the Interior for Indian Affairs is vacant.

This action is to obtain relief by reason of Defendants failure to perform duties imposed upon them by certain treaties between the United States and Indian tribes not loyal to the United States during the war between the states, the so-called Civil War, 1861-1865. These treaties required the disloyal Native American tribes to abolish slavery within their respective territories and to, *inter alia,* convey land to the United States for subsequent allocation to Black Indians or to allocate land within the respective tribes territory directly to Black Indians previously held in bondage by the disloyal tribes. Notwithstanding the clear and unambiguous undertaking by the United States of full fiduciary responsibiliy to cause land and benefits to go to Black Indians, the Department of Interior either never conveyed land to the Black Indians as expressly required by the relevant treaties and agreements, failed to cause the tribes to convey land, or in cases where conveyances and related benefits were awarded, failed to provide the requisite assistance and counsel to the beneficiaries to prevent their exploitation by persons desiring to misappropriate the land by insidious means, which resulted in widespread economic injury to Plaintiffs. In this action by reason of the indisputable fiduciary obligation of the highest order owed by the United States in dealings with the Black Indians, and the exacting standards which the United States is bound to observe when dealing with Black Indians, plaintiffs seek redress in the form of monetary relief or an order compelling defendants to perform their duty owed to the Plaintiff beneficiaries Black Indians under the treaties described below.

## JURISDICTION

1. Jurisdiction over this action arises under the provisions of 28 U.S.C. §1491(a) and 1505, the Tucker Act and the Indian Tucker Act. Plaintiffs claims are cognizable in the Federal Court of Claims for the reason it is a clearly established principle that the beneficiary of a trust may maintain an action to compel the trustee to perform his duties. Here the United States clearly undertook and assumed responsibility as a trustee on behalf of Black Indians. Moreover, the injury complained of herein having accrued prior to August 13, 1946, by reason of the conduct and inaction of the defendants continues until this day.

## PARTIES

2. Plaintiff Harvest Institute Freedman Federation is an unincorporated association formed for the specific purpose of seeking redress through the courts to compel the United States to perform obligations owed under various treaties to Black Indians. The Institute has conducted research, provided financing and required legal resources, including counsel, to advocate on behalf of Black Indians. The Institute's membership is comprised of all persons with Native American ancestry.

3. Plaintiff Fund, a separate nonprofit organization, is the legislative advocacy arm for Black Indian Descendants of the Five Civilized Tribes. The Fund's purpose is to engage in any lawful act or activity for which corporations may be organized under the general corporation law of Oklahoma. The Fund is focused on educating members, and the general public regarding the history, culture and political rights of those particular to the Dawes Enrollment. To promote, assist in collecting, and preserving Oklahoma Black Indian History and Artifacts, to promote the unique cultural diversity of Black Indian

Descendants for the general benefit and good of individuals, collective Tribes, representative communities, in the States and Nations.

The Fund is incorporated as an advocacy organization with the mission of educating public officials about Black Indian Descendants Rights under the treaties of 1866 between the Five Civilized Tribes (Chickasaw, Choctaw, Creek, Seminole and Cherokee), Black Indian and their Descendants and the United States.

4. Plaintiff William Warrior is a descendant of Black Indians from the Five Civilized Tribes and a person of Native American ancestry. Mr. Warrior will serve as the representative of the class of such persons. Plaintiff is a direct descendant of Chief John Horse's Band of Seminoles. This Band was promised land by the United States under treaties respecting an Oklahoma settlement known as "Wewoka." The Defendants breached their duty to convey land to Plaintiff Warrior's predecessors. This treatment by the United States of ethnic members of the Native American tribes was commonplace and resulting in widespread denial of real property and other valuable resources to Plaintiff Warrior's class. A motion setting forth the commonality, typicality, and numerosity aspects of the putative class here will be filed separately. The Plaintiffs here suffered injuries here that are concrete, particular, actual, traceable to defendants or their predecessors' conduct, and capable of redress by a favorable decision here.

5. Defendant Dirk Kempthorne is the United States Secretary of the Interior. The Department of the Interior is the federal agency with oversight of the Bureau of Indian Affairs and has the statutory duty to enforce, administer and assure compliance by the United States with the terms and obligations of Indian treaties. Defendant Kempthorne is sued in his official capacity only.

6. Defendant The Bureau of Indian Affairs (BIA) has responsibility for the administration and management of 55.7 million acres of land held in trust by the United States for American Indians, Indian tribes and Alaska Natives and to implement the terms of treaties between Native American tribes and the United States.

## FACTUAL BACKGROUND

7. During the conflict between the United States and the Confederate States the so-called "civil war," certain Native American tribes who held persons of African ancestry in bondage, abrogated their allegiance to the United States and supported the Confederacy. Among others, the Creek Nation, Cherokee, Seminoles, Choctaw and Chickasaw Nations, all repudiated allegiance to the United States and supported the rebelling states.

8. The action of these Native American groups violated the terms of then existing treaties with the United States thereby causing these treaties to become voidable.

9. Following the cessation of the conflict between the States, the disloyal Native American tribes by reason of their sovereign status undertook to maintain involuntary servitude within their respective territorial domains, within the continental United States, notwithstanding the Thirteenth Amendment's abolition of involuntary servitude.

10. In order to reconcile the relationship between these disloyal tribes and the United States, a series of agreements were entered into between the United States and the affected tribes. It is these treaties that are the focus of this action and which Plaintiffs seek to enforce.

11. Under these agreements or treaties slavery was abolished in Indian Country. Moreover, land was transferred to the United States or was agreed to be set aside by the

Indian tribes for the benefit of former Indian Country slaves, Black Indians, being liberated by the agreements.

12. Despite the undertakings to terminate slavery in Indian Country and to provide land and other benefits to the liberated persons of African ancestry in accordance with the various treaties entered to wit:

a) June 14, 1866 Treaty with Creek Nation pertaining to Black Indians;

b) September 13, 1865 – Agreement with Cherokee and other tribes in the Indian Territory;

c) Articles of a treaty made and concluded March 21, 1866 between the United States and the Seminole Indians; and

d) Treaty of 1866 between the United States and the Choctaw and Chickasaw Nations.

All of which provided for conveyances of land and other benefits for qualifying Black Indians. By reason of failure to perform their fiduciary duty owed to the Black Indians the United States did not cause the expressly agreed upon land conveyances to occur as these parcels of land were not conveyed to the Black Indians as mandated under the relevant treaties.

13. This action is being brought on behalf of the descendants of these Black Indians, all persons of African and Native American ancestry, to vindicate their rights to conveyances of land provided for under the aforementioned treaties.

**<u>FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT</u>**

14. Plaintiffs reassert that which has been stated in Paragraphs 1 through 13 above as though fully stated herein.

15. In accordance with the provisions of 28 U.S.C. §1507 and R..F.C.R. 57, Plaintiffs seek a declaration concerning the rights and liabilities of the United States in relation to the Black Indians descendants bringing this action as to their entitlement to land allotments and related benefits under the treaties set forth above in Paragraph 12 of the Complaint

**SECOND CLAIM FOR RELIEF – INJUNCTION**

16. Plaintiffs reassert that which has been stated in Paragraphs 1 through 15 above as though fully stated herein

17. By reason of the lack of an adequate remedy at law and the unique character of real property, Plaintiff seeks an order directing defendants to comply with terms of the various treaties described in Paragraph 12 above and to establish contemporary procedures to ascertain entitlement to land conveyances under these treaties. Where land is due to Plaintiffs, defendants should be directed to establish procedures to provide such.

**THIRD CLAIM FOR RELIEF – MANDAMUS**

18. Plaintiffs reassert that which has been stated in Paragraphs 1 through 17 above as though fully stated herein

19. Plaintiffs seeks a writ of mandamus that requires defendants to perform their clear ministerial duties under the treaties set forth in Paragraph 12 above.

20. Defendants should be compelled to ascertain the status of compliance by the United States with these treaties and to assure that the terms of the treaties providing for land allotments to Black Indians are observed and implemented in relation to the bona fide descendants of these Black Indians, Plaintiffs herein.

## FOURTH CLAIM

21. Plaintiffs reassert that which has been stated in Paragraphs 1 through 20 above as though fully stated herein.

22. In the alternative, Plaintiffs seek damages in an amount equal to the value of the land and related benefits currently being denied to Plaintiffs by defendants.

Wherefore, Plaintiffs request the following:

a. An order certifying a class as more fully specified in Plaintiffs' motion for class certification to be filed forthwith;

b. A declaratory judgment that determines the rights and liabilities of the parties in relation to the treaties in Paragraph 12 above;

c. An injunction requiring defendants to implement the terms of the above treaties;

d. A writ of mandamus compelling defendants to perform their ministerial duties under the above treaties;

e. Damages in an amount not less than $50,000,000.00 to be provided with greater particularity at trial;

f. Reasonable attorney fees; and

g. Such other relief, including interest and costs, as the Court deems just.

Respectfully submitted,

Percy Squire, Esq. (0022010)
Percy Squire Co., LLC
514 S. High Street
Columbus, OH 43215
614-224-6528 Telephone
614-224-6529 Facsimile
psquire@sp-lawfirm.com
Attorney for Plaintiffs