IN THE FEDERAL COURT OF CLAIMS

| | | |
|---|---|---|
| Harvest Institute Freedman Federation, *et al.* | : | |
| Plaintiffs, | : | Judge Robert Hodges |
| vs. | : | Case No.06-907L |
| Dirk Kempthorne, Department of the Interior, *et al* | : | |
| Defendants. | : | |

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

By reason of the provisions of U.S. Fed. Ct. Cl. R. 15(a) Plaintiffs hereby oppose Defendants' motion to dismiss.

Defendants in this action have filed a motion to dismiss Plaintiffs' Complaint. Defendants' motion is based on three primary arguments: 1) The statute of limitations; 2) failure to state a claim; and 3) standing. Plaintiffs have filed an Amended Complaint that traverses the various issues raised by the motion to dismiss and also clarifies the bases for Plaintiffs' claims. By reason of the filing of the Amended Complaint and for reasons discussed more fully below, the motion to dismiss should be denied.

Under U.S. Ct. Fed. Cl. R. 15(a) an amended complaint may be filed once as a matter of course anytime before a responsive pleading has been filed. A motion to dismiss is not a responsive pleading. See, *American International Specialty Lines Co., v. United States*, 71 Fed. Cl. 37 (Ct. Cl. 2006). Here, Plaintiffs have filed an amended complaint that alleges that the claims asserted here are subject to the continuing claims doctrine recognized in *Hatter v. United States*, 203 F. 3d 795 (Fed. Cir. 2000) (*en banc*); *Boling v. United States*, 220 F. 3d 1365 (Fed. Cir. 2000); *Baka v. United* States, 74 Fed.

Cl. 692 (2006); and *Simmons v. United States*, 71 Fed. Cl. 188 (2006). The Amended Complaint also clarifies the right of the Harvest Institute Freedmen's Federation and the Black Indian United Defense Fund to be Plaintiffs in this action based upon the rule established by the United States Supreme Court in *International Union, United Automobile, Aero Space and Agricultural Implement Workers of America, et al v. Brock*, 477 U.S. 274 (1986) where it was held:

> An association has standing to bring suit on behalf of its members when (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

The Amended Complaint also sets forth specific allegations concerning which treaties have been violated by Defendants and sets forth detailed allegations that contend that contrary to the arguments within the motion to dismiss, questions of fact exist concerning whether the Freedmen Plaintiffs have ever received the land and other economic benefits to which they are entitled under the various treaties mentioned.

By reason of the filing of the Amended Complaint, the clear existence of questions of fact and the authorities cited above, the motion to dismiss should be denied.

Respectfully submitted,

*s/Percy Squire, Esq.*
Percy Squire, Esq. (0022010)
Percy Squire Co., LLC
514 S. High Street
Columbus, OH 43215
614-224-6528 Telephone
614-224-6529 Facsimile
psquire@sp-lawfirm.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via U.S. Postal Service this 23rd day of July 2007, upon the following:

Jane Smith, Esq.
Attorney-Advisor
Bureau of Indian Affairs.
United States Department of the Interior
1849 C. Street
Washington, D.C. 20240

Daniel G. Steele
Attorney of Record for Defendant
Matthew J. McKeown
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
PO Box 663
Washington, D.C. 20044-0663

*s/Percy Squire*__________________
Percy Squire, Esq. (0022010)