IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Harvest Institute Freedman Federation, et al., Plaintiffs v. Dirk Kempthorne, Department of the Interior, et al. Defendants. | ) | Judge Robert Hodges 06-907 L |

**DEFENDANTS' UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO REPLY TO PLAINTIFFS' RESPONSE IN PENDING BRIEFING SCHEDULE AND TO AMENDED COMPLAINT**

Defendant herein moves for its first unopposed enlargement of time to reply in the pending briefing schedule pursuant to Defendant's motion to dismiss filed on April 1, 2007. United States Court of Federal Claims Rule ("CFCR") 7(1)(c) provides that the United States has fourteen days, or until August 9, 2007 to respond. Defendant herein seeks its first enlargement of time of twenty-one (21) additional days, or until August 30, 2007 to reply.

In support of this requested relief, defendant states as follows:

(1) Shortly after the Plaintiffs filed their responsive pleading on July 23, 2007, the undersigned counsel was assigned five tribal trust fund cases filed in the United States Court of Federal Claims, four of which required counsel's substantial time during the interim period.[1/]

(2) Most recently, the undersigned counsel has had competing obligations in the Federal

---

[1/] They are the following: Yomba Shoshone Tribe v. United States, No. 06-cv-00896L; Pueblo of Santa Ana v. United States, No. 06-cv-00892; Paiute-Shoshone Ind. of the Bishop Community of the Bishop Colony, CA. v. United States, No 06-897L; Soboba Band of Luiseño Indians v. United States, No. 06-cv-00894; and San Manuel Band of Serrano Mission Indians v. United States, No. 06-cv-00893.

District Court of the District of Kansas in the case of Kickapoo Tribe v. Bruce I. Knight, et al., Civil Action 06-2248-CM; and

(3) Pursuant to CFCR 6.1, the undersigned counsel has discussed the requested enlargement of time with Plaintiffs' Attorney of Record, Percy Squire, Esquire, on August 8, 2007. Mr. Squire stated that Plaintiffs would not oppose the requested enlargement of time for Defendant to file its reply brief.

With the filing of its response in the pending briefing schedule, the Plaintiffs also filed an Amended Complaint. Pursuant to CFCR 15(a), a response to the Amended Complaint is to be filed on or before August 9, 2007. Defendant herein seeks an enlargement of time of twenty-one additional days (not separate from the 21 day enlargement requested above) to also respond to the Plaintiffs' Amended Complaint by and through its pending reply brief.

In support of this requested relief, Defendant states that when an amended complaint is filed while the Government's motion to dismiss the original complaint is being briefed by the parties, as here, the Defendant is not required to respond with the filing of another motion to dismiss the amended complaint if some of the defects subject to the motion to dismiss and raised in the original pleading remain in the amended pleading. See Wright, Miller and Kane (2nd Ed.), Federal Practice and Procedure, § 1476 ("Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance."). The relief sought in the Plaintiffs' Amended Complaint is

very similar, if not identical, to the relief sought in their original Complaint.

The Court of Federal Claims has deemed this guidance appropriate in a case almost identical to the case development presented here in American Intern. Speciality Lines Ins. Co. v. United States, 71 Fed. Cl. 37 (2006). There the Court ruled as follows:

> [D]efendants should not be required to file a new motion to dismiss simply because the an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To do otherwise would exalt form over substance. * * * Accordingly the court will provide defendant the opportunity to address the First Amended Complaint head-on."

This same result should apply in the instant case where the Plaintiffs also filed their Amended Complaint during the pendency of briefing pursuant to Defendant's motion to dismiss.

Dated this 8th day of August, 2007.

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

/s/*Daniel G. Steele*
Daniel G. Steele
Attorney of Record for Defendant
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington D.C., 20044-0663
Tel: (202) 305 - 0484
Facsimile: (202) 305-0267

OF COUNSEL:
Jane Smith, Esquire
Attorney-Advisor
Bureau of Indian Affairs
United States Department of the Interior
1849 C Street
Washington, D.C. 20240

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 8th day of August, 2007 the foregoing DEFENDANTS' UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO REPLY TO PLAINTIFFS' RESPONSE IN PENDING BRIEFING SCHEDULE AND TO AMENDED COMPLAINT was filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

Percy Squire, Esquire
Attorney for Plaintiffs
Percy Squire Co., L.L.D.
514 S. High Street
Columbus, OH 43215

/s/*Daniel G. Steele*
Daniel G. Steele, Attorney