DEPARTMENT OF JUSTICE
GENERAL LITIGATION
SECTION
91 APR 31 AM 11:10
RECEIVED

EXHIBIT
A

# In the United States Claims Court

No. 90-222C

(Filed: April 11, 1991)

FILED
APR 11 1991
U.S. CLAIMS COURT

* * * * * * * * * * * * * * * * * *

SAMMY LEE CASEY-EL

Plaintiff,

v.

THE UNITED STATES,

Defendant.

* * * * * * * * * * * * * * * * * *

## ORDER

Sammy Lee Casey-El, plaintiff, states he is a descendant of a person that was enslaved by the Chickasaw Indians. Plaintiff is represented pro se. The complaint and other materials filed with the court are ambiguous as to factual matters and they reflect a lack of understanding of legal concepts and procedures.

The Choctaw and Chickasaw Indians were slave-owning tribes who fought with the Confederacy. All persons held in slavery by the Choctaw and Chickasaw Indians were freed as a result of the Civil War. In 1866, the Choctaw and Chickasaw tribes renewed their allegiance and entered into a treaty with the United States.

The 1866 treaty was signed by representatives of the Choctaw and Chickasaw Nations on April 28, 1866; it was ratified by the United States Senate on June 28, 1866; and it was proclaimed into law by the President on July 10, 1866. Plaintiff's claims are based upon entitlements conferred upon freedmen by the treaty.

90-2-20-1060

The case comes before the court on defendant's motion to dismiss or, alternatively, for summary judgment, together with defendant's proposed findings of uncontroverted fact, filed January 17, 1991, and plaintiff's motion for summary judgment, filed February 19, 1991. On consideration of the complaint and the materials filed by the parties, it is

LANDS
LANDS DIVISION
General
90-2-20-1060

concluded that there are no material issues of fact in dispute and, without oral argument, that disposition by summary judgment procedures is appropriate.

The issues that are the basis of plaintiff's claims have been adjudicated and, consequently the doctrines of res judicata or collateral estoppel preclude plaintiff from relitigating those issues at this time. See United States v. Choctaw Nation, 38 Ct.Cl. 558 (1903) (Choctaw Nation), aff'd sub nom., The Chickasaw Freedmen, 193 U.S. 115 (1904); Choctaw Nation v. United States, 318 U.S. 423 (1943 (Choctaw Nation II). The Chickasaw Freedman and Choctaw Nation courts held that the Chickasaw freedmen had no right to land, money, or trust disbursements under the 1866 treaty. Choctaw Nation II, 318 U.S. at 426, 428; Chickasaw Freedmen, 193 U.S. at 122, 123; Choctaw Nation, 38 Ct.Cl. at 566, 568-570.

The standard applicable to claims presented pro se requires the pleadings and motion papers to be examined to determine whether, in the light most favorable to plaintiff, they can be construed as stating a claim for which relief can be granted under any theory within the court's jurisdiction. Haines v. Kerner, 404 U.S. 519 (1971). Compliance with this standard is reflected in defendant's motion papers. Deficiencies in plaintiff's materials have been clarified and completed. Defendant's counsel is deserving of commendation for his professional performance in this case.

Accordingly,

IT IS ORDERED Defendant's motion treated as a motion for summary judgment, is ALLOWED; and plaintiff's cross-motion for summary judgment is DENIED. The Clerk is directed to dismiss the complaint. No costs.

Kenneth R. Harkins, Senior Judge