**IN THE FEDERAL COURT OF CLAIMS**

| | | |
|---|---|---|
| Harvest Institute Freedman Federation, *et al.* | : | |
| Plaintiffs, | : | Judge Robert Hodges |
| vs. | : | Case No.06-907L |
| Dirk Kempthorne, Department of the Interior, *et al* | : | |
| Defendants. | : | |

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

The undersigned moves in accordance with the provisions of Fed R. Civ. P. 15(a) to file a second amended complaint in this action. A memorandum in support of this is motion is attached

Respectfully submitted,

*s/Percy Squire, Esq.*

Percy Squire, Esq. (0022010)
Percy Squire Co., LLC
514 S. High Street
Columbus, OH 43215
614-224-6528 Telephone
614-224-6529 Facsimile
psquire@sp-lawfirm.com
Attorney for Plaintiffs

**MEMORANDUM**

Under Fed. R. Civ. P. 15(a), after a plaintiff has amended the complaint once, "a party may amend the party's pleading only by leave of court..." The determination of whether to grant leave to amend after a first amended complaint has been filed is within the discretion of the trial court. See, Moore v. City of Paducah, 790 F. 2d 557, 559 (6th Cir. 1986). The Federal Rules restrict this discretion, however, by directing that "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). As the Supreme Court has explained:

> If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowances of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Forman v. Davis, 371 U.S. 178, 182 (1962). As this quotation suggests, it is a far more typical and contentious circumstance where amended complaints contain expanded legal theories, rather than a narrowed focus as in the motion presently before the Court. Because the complaint merely serves to put the defendant on notice, it should be freely amended as the case develops as long as the amendments do not unfairly surprise or prejudice the defendant. See, Summers v. Rockwell Int'l Corp., No. C-2-92-301, 1993 U.S. Dist. LEXIS 21176, at *5-6 (S.D. Ohio June 30, 1993). This is certainly the case where a new complaint notifies the parties that the plaintiff intends to amplify its case. In the absence of any apparent reason to deny amendments, therefore, leave to amend should be granted. See, Forman, 371 U.S. at 182.

Here, Plaintiffs seek to amend to provide additional details concerning the nature of the trust relationship between the United States and Freedmen, the specific bases for the money-mandatory relief sought, and the specific duty owed by the United States in connection with the treaties and statutes at issue.

It is respectfully requested that leave to amend be granted.

Respectfully submitted,

*s/Percy Squire, Esq.* _________
Percy Squire, Esq. (0022010)
Percy Squire Co., LLC
514 S. High Street
Columbus, OH 43215
614-224-6528 Telephone
614-224-6529 Facsimile
psquire@sp-lawfirm.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via electronic mail filing or U.S. Postal Service this 9th day of November, 2007, upon the following:

Jane Smith, Esq.
Attorney-Advisor
Bureau of Indian Affairs.
United States Department of the Interior
1849 C. Street
Washington, D.C. 20240

Daniel G. Steele
Attorney of Record for Defendant
Matthew J. McKeown
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
PO Box 663
Washington, D.C. 20044-0663

*s/Percy Squire*
Percy Squire, Esq. (0022010)